UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA TAYLOR,<br><br>                Plaintiff,<br><br>    v.<br><br>MARKET TRANSPORT LTD. & FRED MEYER STORES, INC.,<br><br>                Defendants. | CASE NO. C 08-5705 KLS<br><br>ORDER GRANTING FRED MEYER STORES, INC. MOTION FOR SUMMARY JUDGMENT |

      Fred Meyer Stores, Inc. filed its motion for summary judgment requesting dismissal of the Plaintiff's claims against it based on a statute of limitations defense and failure of the Amended Complaint to relate back pursuant to Fed. R. Civ. P. 15(c). Dkts. 24, 25 and 39. The Plaintiff filed her Response to the motion (Dkt. 30 and 32) and Fred Meyer filed its Reply (Dkt. 39).

      The Court notes that the Defendant Fred Meyer also joined in the Motion for Summary Judgment filed by Market Transport Ltd., (Dkt. 35) but based on this Court's ruling on the statute of limitations defense, that motion is moot.

Order Granting Fred Meyer Stores, Inc.
Motion for Summary Judgment             1

**UNDIPUSTED FACTS**

Lisa Taylor alleges, in her First Amended Complaint (Dkt. 19), that she was injured on January 4, 2006 when she was driving her Toyota Camry southbound on Interstate 5 (I-5) near Longview, Washington, following defendant Market Transport Ltd.'s tractor-trailer rig, which was pulling two Fred Meyer trailers and equipped with at least one retread tire. The tractor-trailer rig dropped a retread carcass on the highway in the path of Lisa Taylor's vehicle which caused her to swerve and collide with the center barrier of the freeway which caused her injuries and damages.

Ms. Taylor initially filed her complaint on October 20, 2008 in Cowlitz County naming only Market Transport Ltd. as defendant. This initial complaint was filed approximately two and one-half months prior to the expiration of the three year statute of limitations. The case was subsequently removed to federal court on November 24, 2008.

When the plaintiff filed her complaint in state court she was only aware of Market Transport Limited, Inc. as a potentially liable party. She did not become aware of the existence and identity of Fred Meyer until she received responses to her discovery requests in July 2009. Ms. Taylor asserts that reassignment of the case to a different judge contributed to the discovery delay.

Ms. Tayor filed a Motion to Amend Complaint on July 13, 2009 which was granted by the undersigned on August 10, 2009. Attorney Charles Willmes filed a Notice of Appearance on behalf of Fred Meyer Stores, Inc. on September 21, 2009.

## ANALYSIS

It is undisputed that the Amended Complaint which first named Fred Meyer Stores, Inc. was filed more than three years after the date of loss. Therefore, the only avenue available to the Plaintiff which would allow her to pursue her claim against Fred Meyer Stores, Inc. would be through the application of Fed. R. Civ. P. 15(c). *G.F. Co. v. Pan Ocean Shipping Co., Ltd.,* 23 F.3d 1498, 1501 (9th Cir. 1994).

There is no dispute that the claim being asserted against Fred Meyer Stores, Inc. arises "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleadings." Fed. R. Civ. P. 15(c)(1)(B). However, in order for the amendment to relate back to the date of the original pleadings, the Plaintiff must also show that (1) the new party received such notice of the action that it will not be prejudiced in defending on the merits; **and** (2) the new party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C). Further, these two conditions must have occurred within the time period required for service of process under Rule 4(m) – that being 120 days after filing of the original complaint.

For the reasons set forth below, the Court finds that the Plaintiff has failed to meet the two requirements of Fed. R. Civ. P. 15(c)(1)(C) and the Plaintiff's claims against Fred Meyer Stores, Inc. must be dismissed.

**Notice.** It is undisputed that the first notice Fred Meyer Stores, Inc. received of this action was when it was served with the Amended Complaint on September 21, 2009, more than nine months following expiration of the statute of limitations. The Plaintiff has not file an

affidavit or other evidentiary document to contradict this conclusion. In her Response the Plaintiff asserts that "MLT was responsible for changing the tire, and therefore necessarily informed defendant Fred Meyer of the blown tire accident, at the very least, to explain the loss of the tire." The undersigned was not made aware of any facts to support this conclusion. However, even assuming that such did occur, notice of an incident is not notice of an **action**. *Craig v. United States,* 413 F.2d 854, 857-58 (9th Cir. 1969), *cert. denied*, 396 U.S. 987, 24 L. Ed. 2d 451, 90 S. Ct. 483 (1969).

The Plaintiff has also not presented any evidence that would support a conclusion that Market Transport Ltd. and Fred Meyer Stores, Inc. have any "community of interest" such that it would be appropriate to impute knowledge of the action to Fred Meyer Stores, Inc. At the most, the Court is aware that Fred Meyer Stores is a customer of Market Transport Ltd. That relationship is not sufficient to support imputing knowledge of the action to Fred Meyer Stores, Inc.

**Mistake.** The "mistake" portion of the rule applies when the party to be brought in by amendment "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Plaintiff has not presented any evidence which would support a "mistake" regarding property identity of a party. Rather, the evidence before the Court is that the Plaintiff was not aware of Fred Meyer Stores, Inc. as a potential party until after the statute of limitations had already expired.

The Court notes the Plaintiff's explanation that she did not become aware of Fred Meyer Stores, Inc. until receiving discovery responses and she also infers that this delay was due, in part, to reassignment of judges. That, however, does not change the analysis. The plaintiff was clearly unaware of Fred Meyer Stores, Inc. as a potential defendant. Fred Meyer suggests that

the plaintiff could have determined Fred Meyers involvement if she had followed up with information contained in the police report which included the license plate number of the trailer that had the tire blow out. This information could have been discovered prior to litigation being filed and prior to the expiration of the statute of limitations.

The undersigned agrees with the reasoning set forth in *Butler v. Robar Enterprises, Inc.,* 208 F.R.D. 621, 623-24 (C.D. Cal. 2002) and concludes that "lack of knowledge" is not the same as a "mistake."

## CONCLUSION

Fred Meyer Stores Inc. motion to dismiss all of Plaintiff's claims against it is hereby GRANTED. (Dkt. 24). Fred Meyer Stores Inc. additional Motion for Summary Judgment (Dkt. 35) is DENIED AS MOOT.

Dated this 22nd day of February, 2010.

Karen L. Strombom
United States Magistrate Judge